UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MUHAMMED TILLISY,

            Petitioner,

v.

ERIC L. JACKSON,

            Respondent.

CASE NO. 2:21-cv-01078-RSM-BAT

**REPORT AND RECOMMENDATION**

On August 11, 2021, Petitioner, a state prisoner, submitted a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions following a plea of guilty to two counts of Identity Theft in the Second Degree, and the 163 month sentence imposed on July 3, 2013 in the Snohomish County Superior Court Numbers 12-1-01246-1 and 12-1-01574-5. Dkts 1, 7 (habeas petition). Petitioner also moves for appointment of counsel. Dkt. 8 Under Habeas Rule 4, the Court should dismiss a habeas petition if it plainly appears from the petition the petitioner is not entitled to relief. The Court has reviewed the habeas petition and concludes it is barred by the federal statute of limitations, and that no amendment would cure this barrier. Accordingly, for the reasons discussed below, it is recommended:

    (1) The federal habeas petition and motion for appointment of counsel be denied;

    (2) The case dismissed with prejudice; and

REPORT AND RECOMMENDATION - 1

1     (3)  A certificate of appealability (COA) not be issued.

## THE HABEAS PETITION

Petitioner avers he pled guilty to two counts of identity theft in the second degree and was sentenced to 163 months of imprisonment in 2013 in the Snohomish County Superior Court. He asks the Court to grant habeas relief vacating his plea and directing the state court to impose a sentence of 43 months of imprisonment. Dkt. 7 at 13.  He raises two grounds for relief in support of this request. First, Petitioner contends his guilty pleas were obtained in violation of his right to due process. He contends he was medicated during his state criminal trial proceedings, that his attorney advised the state court that Petitioner needed a competency evaluation, and that he "was under too many drugs to even enter a plea or understand." *Id.* at 5.  Second, Petitioner contends the Court should grant habeas relief because his public defender failed to ensure Petitioner received a competency evaluation. *Id.* at 7.

## STATE PROCEEDINGS

The habeas petition sets forth an incomplete picture of the state proceedings relevant to this case. The petition indicates in July 2021 the State Court of Appeals, Division I ruled on a personal restraint petition (PRP), vacated Petitioner's convictions on double jeopardy grounds, and the State Supreme Court denied review. Dkt. 7 at 2.  However, the Washington Court of Appeals did not address Petitioner's double jeopardy claims in 2021. Rather the Court of Appeals addressed the double jeopardy claim earlier in *State v. Tillisy*, 183 Wn.App. 1029 (2014) (vacating one of the two convictions for second degree identity theft), and *State v. Tillisy*, 194 Wn.App. 1028 (2016) (directing deletion of all references in the judgment and sentence regarding the vacated conviction).

REPORT AND RECOMMENDATION - 2

In July 2021, the State Court of Appeals did issue a decision regarding a PRP but the decision addressed Petitioner's claim that the conditions of his prison confinement violated the constitution because of the potential risk of harm he faced from exposure to COVID-19. The 2021 did not challenge Petitioner's underlying conviction or present the claims herein. *See, In Re Personal Restraint of Tillisy,* 2021 WL 3033425 (Wash. Court of Appeals, July 19, 2021).

The Court also notes that on September 22, 2014, the State Court of Appeals, Division I issued an unpublished opinion that addressed the convictions Petitioner challenges here. *See State v. Tillisy*, 183 Wn. App 1031 (2014). This decision indicates that shortly after pleading guilty to two counts of second degree identity theft, Petitioner moved to withdraw his pleas on the grounds he was heavily medicated, and his medical condition made him feel uncomfortable and unable to focus. This is the same claim Petitioner now raises in the present habeas petition.

The Court of Appeals also addressed Petitioner's claim that the trial judge erred in denying his request to represent himself at trial noting that Petitioner told the trial judge if he denied the request for self-representation, Petitioner would file an ineffective assistance of counsel claim. The Court of Appeals rejected both claims and affirmed Petitioner's convictions and sentence. Petitioner sought review of this decision and on March 4, 2015, the Washington Supreme denied review. *State v. Tillisy*, 182 Wn.2d 1013 (2015).

The state procedural history thus indicates the present habeas petition is untimely as it was filed outside the one-year statute of limitations applicable to federal habeas petitions.

## DISCUSSION

A.   The Federal Statute of Limitations, 28 U.S.C. § 2244(d)

Petitioner is a state prisoner seeking federal habeas relief from his state convictions and sentence. Federal habeas corpus petitions filed by persons such as Petitioner are subject to a one-

REPORT AND RECOMMENDATION - 3

year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). When there is no direct review or the direct review process terminates prior to reaching the state's highest court, however, the judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 132 S. Ct. 641, 652-56 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). If the intermediate appellate court affirms the judgment and sentence on direct appeal, and the petitioner does not timely seek review by the state supreme court, the direct review process concludes upon expiration of time for seeking review by the state supreme court and the judgment becomes final on that date. *Gonzalez*, 132 S. Ct. at 653-54.

Here, petitioner was sentenced on July 3, 2013. He filed a series of appeals and that judgment of the convictions at issue became final in 2015 after the Washington Supreme Court denied review on March 4, 2015 in *State v. Tillisy*, 182 Wn.2d 1013 (2015). The Court notes in *State v. Tillisy*, 194 Wn.App. 1028 (2016) the Court directed deletion of all references in the judgment and sentence regarding the vacated conviction. This decision was

REPORT AND RECOMMENDATION - 4

filed on June 13, 2016. The time period for seeking certiorari in the Supreme Court is ninety days under Supreme Court Rule 13. Hence, petitioner's judgment became final for purposes of the federal habeas statute of limitations either on June 2, 2015, 90 days after the March 4, 2015 denial of review, or at the latest on September 11, 2016, 90 days after the June 2016 decision. Based upon these two alternative dates, the limitations period thus started to run and expired a year later either on June 2, 2016, or September 11, 2017.

Under either alternative date of final judgment, the present habeas petition, which was submitted for filing on August 11, 2021, is well beyond the statute of limitations. While a properly filed PRP may statutorily toll the statute of limitations, the PRP the Washington Court of Appeals decided in July 2021 has no tolling effect. This is because the statute of limitations is tolled only by a PRP that is properly filed "with respect to the pertinent judgment or claim." The 2021 decision addressed a PRP that addressed conditions of confinement due to COVID-19, not the pertinent judgment or claim presented here. The Court concludes the present habeas petition was filed outside the one-year statute of limitations, is time-barred and thus subject to dismissal.

**B.     Equitable Tolling**

Because the habeas petition is untimely, the Court has considered whether there are equitable grounds to toll the statute of limitations. The federal statute of limitations may be equitably tolled if the petitioner shows "'(1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). A simple "miscalculation" of the statutory deadline is not a sufficient basis for demonstrating equitable tolling. *Id*. at 2564. To obtain equitable tolling, extraordinary circumstances beyond a petitioner's control must have prevented the petitioner from filing a federal petition on time. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.

REPORT AND RECOMMENDATION - 5

2000) (en banc); *Gaston v. Palmer*, 387 F.3d 1004, 1008 (9th Cir. 2004); *Laws v. Lamarque*, 351 F.3d 919, 923-24 (9th Cir. 2003).

Equitable tolling is appropriate only where external forces, rather than the petitioner's lack of diligence, account for the failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The threshold necessary to obtain equitable tolling is thus very high, and the petitioner bears a heavy burden to obtain tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065-66 (9th Cir. 2002).

The record shows petitioner knew about or should have known about the factual and legal grounds for his claims many years ago. He in fact attempted to withdraw his guilty plea in the trial court on the ground that he was too medicated or unwell to plead knowingly, voluntarily, and intelligently guilty. The argument was rejected by the trial judge and by the state court of appeals in its 2014 decision. He also knew about the ineffective of assistance of counsel claim as he argued to the trial court that if he was not allowed to represent himself, he would raise a claim that trial counsel was ineffective.

Thus, despite being in possession of the factual and legal bases for his grounds of relief in the trial court and on direct appeal of his convictions, Petitioner waited until 2021 before filing a writ of habeas corpus. The Court accordingly concludes there are no equitable grounds to toll the statute of limitations.

The Court notes the habeas petition lists several cases regarding the timeliness of the petition. Dkt. 7 at 11-12. None of the case regard the timeliness of a habeas petition and thus do not support a finding that there is a basis for the Court to consider this time-barred petition. *See United States v. Howard,* 381 F.2d 873 (9th Cir. 2004) (whether petitioner's claims narcotics affected his ability to plead guilty and whether counsel was ineffective for allowing his client to

REPORT AND RECOMMENDATION - 6

plead); *Disky v. United States*, 362 U.S. 402 (1960)( Whether the record was sufficient to determine competency); *Godinez v. Moran*, 509 U.S. 389 (1993)(Addressing the standard of competency to enter a plea of guilt); and *Lopez v. United States*, 439 F.2d 997 (1991) (addressing a plea entered by defendant claiming he was under the influence of drugs and relied on counsel's promises).

In sum, Petitioner submitted a federal habeas petition in August 2021 challenging a conviction and sentence entered in 2013. The judgment in this matter became final no later than September 2017, and the habeas petition was thus filed far beyond the one-year statute of limitations. The habeas petition avers that in July 2021 the Washington Court of Appeals issued an order denying a PRP. That PRP did not toll the statute of limitations because it did not challenge the conviction in this case or raise the same claims. Rather it challenged the condition of Petitioner's confinement based upon the COVID-19 pandemic.

The habeas is thus untimely and there are no equitable grounds to permit it to go forward. The claims asserted were known to Petitioner many years ago and in fact he raised the arguments in the state trial court and the court of appeals. Petitioner also lists several cases regarding the timeliness of the petition but none of them relate to or excuse the untimeliness of the petition. The Court accordingly recommends the petition be DENIED and the case be DISMISSED. Leave to amend should be denied because the untimeliness of the petition is not a defect that can be cured by amendment and amendment would thus be futile. For the same reason, the motion for appointment of counsel should be denied. There is no right to appointment of counsel in a habeas action. The habeas petition is clearly time-barred and thus there is no basis to appoint counsel given this fatal deficiency.

**CERTIFICATE OF APPEALABILITY**

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a COA from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds no reasonable jurist would disagree this habeas petition is untimely. The Court should therefore not issue a COA. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **September 17, 2021.** The Clerk should note the matter for **September 17, 2021**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 3rd day of September 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge